DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES

MEMORANDUM & ORDER
04-cr-0582

-against-

MATTHEW TRAYNOR,

Defendant.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On June 28, 2005, the court sentenced Defendant Matthew Traynor ("Defendant" or "Mr. Traynor") to serve 120 months in prison for committing bank robbery and attempted bank robbery in violation of 18 U.S.C. § 2113(a). (See Docket Entries ## 21, 24.) Since that sentence was imposed, Mr. Traynor has filed a Motion to reduce his sentence based on the deteriorating condition of his health. As set forth in letters filed since his sentencing, Mr. Traynor is receiving treatment from the Bureau of Prisons for asthma, epilepsy, headaches resulting from multiple bullet wounds, and glaucoma. (See Docket Entries ##, 27, 28, 29, 30, 32.) The Government points out that 18 U.S.C. § 3582(c) provides for modification of a sentence only under three circumstances, none of which are applicable to Mr. Traynor. (See Docket Entry # 31.)

The court cannot grant Mr. Traynor's Motion. Under 18 U.S.C. § 3582(c), modification of a prison sentence is permitted "in only three specific circumstances." United States v. Maldonado, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001). A sentence may be modified when "such a modification is permitted by Rule 35 of the Federal Rules of Criminal Procedure or another statute." Id. (citing 18 U.S.C. § 3582(c)(1)(B)). It may be modified when there has been an amendment to a relevant provision of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2).

1

It may also be modified, upon motion of the Director of the Bureau of Prisons, if the court finds that "extraordinary and compelling reasons warrant such a reduction[,]" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

These provisions do not permit the court to grant a reduction in Mr. Traynor's sentence. Mr. Traynor does not seek modification based on Rule 35 or a change in the Sentencing Guidelines; he seeks modification based on the state of his health. This request falls under § 3582(c)(1)(A), which addresses "extraordinary and compelling reasons" for a reduction, including requests based upon a defendant's health. See U.S.S.G. § 1B1.13 (App. Note 1);[2] see also Senate Report No. 98-225, 98th Cong., 2d Sess., reprinted in 1984 U.S.C.C.A.N. 3182, 3304 (noting that § 3582(c)(1) "applies . . . to the unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner").

Such a reduction in sentence, courts have routinely recognized, is available only "upon motion of the Director of the Bureau of Prisons . . . ." 18 U.S.C. § 3582(c)(1)(A); see Engle v.

---

[1] This provision also allows modification if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)[.]" 18 U.S.C. § 3582 (c)(1)(A)(ii).

[2] Pursuant to 28 U.S.C. § 994(t), the U.S. Sentencing Commission has set forth the following instances of "extraordinary and compelling reasons" under 18 U.S.C. § 3582:
    (i) The defendant is suffering from a terminal illness.
    (ii) The defendant is suffering from a permanent physical or medical condition, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional treatment promises no substantial improvement.
    (iii) The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children.
    (iv) As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).
U.S.S.G. § 1B1.13 (Application Note 1).

United States, 26 Fed. Appx. 394, 397 (6th Cir. 2001) ("[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons"); accord United States v. Martin, No. 4:94-cr-4021(WS), 2009 WL 62654, at *1 (N.D. Fla. Jan. 7, 2009); Blue v. United States, Nos. 07-cv-3654 (WJM)/04-cr-768 (WJM), 2007 WL 4232939, at *2 n.3 (D.N.J. Nov. 29, 2007); Maclennan v. United States, No. 4:07-cv-2438, 2007 WL 3129893, at *3 (N.D. Ohio Oct. 23, 2007).

By requiring such a motion, Congress has entrusted to the Bureau of Prisons the primary responsibility for determining whether a particular inmate's health warrants a reduction in sentence. See Senate Report No. 98-225, supra, 1984 U.S.C.C.A.N. at 3304 (under § 3582 (c)(1)(A), "the Director of the Bureau of Prisons could petition the court for a reduction in the sentence, and the court could grant a reduction if it found that the reduction was justified . . ."). In exercising this responsibility, the Bureau of Prisons "has chosen to restrict the application of 18 U.S.C. 3582(c)(1)(A) to inmates suffering from a serious medical condition that is generally terminal, with a determinate life expectancy." United States v. Marks, No. 2:06-cr-20018, 2009 WL 275410, at *2 (W.D. La. Feb. 4, 2009); see also Maldonado, 138 F. Supp. 2d at 333; United States v. DeFeo, No. 90-cr-250, 2008 WL 2557425, at *3 (S.D.N.Y. June 26, 2008).[3]

Accordingly, whether the state of Mr. Traynor's health is an "extraordinary and compelling reason" warranting a reduction in his sentence is not an issue before the court. For, even were the court to find Mr. Traynor's health to be an "extraordinary and compelling reason,"

---

[3] The procedures through which inmates (or others) can request that the Bureau of Prisons make a motion under § 3582 are set forth at 28 C.F.R. § 571.60-64. Such requests should "ordinarily" be submitted by the inmate in writing, and must, at a minimum, include the "extraordinary and compelling" circumstances claimed, and the "proposed release plans" of the inmate. 28 C.F.R. § 571.61. The regulations set forth an approval process for these requests, starting with approval of the Warden, and subsequently requiring approval of other officials (including the Regional Director, General Counsel, and the Director of the Bureau of Prisons). Id. § 571.62. See Homick-Van Berry v. Nelson, No. 08-cv-0891 (JBS), 2008 WL 687258, at *5 n.2 (D.N.J. Mar. 11, 2008).
Under the regulations, the Bureau will only move for modification when there are "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." Id. § 571.60.

the court lacks jurisdiction to grant relief in the absence of a motion from the Bureau of Prisons. See DeFeo, 2008 WL 2557425, at *3 (despite finding satisfaction of statutory requirement, no jurisdiction to modify sentence because Bureau did not file motion); cf. Pennavaria v. Gutierrez, No. 5:07-cv-29, 2008 WL 619197, at *10 (N.D.W. Va. 2008) ("While the undersigned is sympathetic regarding the alleged illness of the petitioner, and his wife, the fact remains that the Court has no jurisdiction to grant a compassionate release because the Director of the Bureau of Prisons has not made such a request.").

Because there is no motion by the Bureau of Prisons before the court, Defendant's Motion must be DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February 12, 2009

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

4